UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| Ita Andrew UDEOBONG,<br>  Plaintiff,<br><br>  v.<br><br>Antony J. BLINKEN, Secretary,<br>Department of State;<br>Ian G. BROWNLEE, Assistant<br>Secretary of State;<br>Merrick GARLAND, Attorney<br>General. | No. _____<br><br>Agency Case LGS2018697010<br>      LGS2018692020 |

PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT
IN THE NATURE OF MANDAMUS,
AND FOR DECLARATORY JUDGMENT

COMES NOW, ITA ANDREW UDEOBONG, Plaintiff in the above-styled and numbered cause, and for cause of action would show unto the Court the following:

1. This action is brought against the Defendants to compel action on two Petitions for Alien Relative (Form I-130) and the attendant applications for immigrant visas, hereinafter referred to as "petitions," properly filed by the Plaintiff, a United States citizen, on behalf of his

1

children, Elijah Christopher Andrew and Esther Unwana Andrew. Simply put, the Plaintiff's petitions were approved by U.S. Citizenship and Immigration Service (USCIS) in April of 2018. They were subsequently forwarded to the U.S. Department of State, specifically the U.S. Consulate in Lagos, Nigeria. The Plaintiff's children were interviewed at the that Consulate on November 21, 2019. The petitions remain within the jurisdiction of the Defendants who have improperly withheld action on said petitions to Plaintiff's detriment.

## PARTIES

2. Plaintiff Ita ANDREW UDEOBONG is a United States citizen. He is the biological father of Elijah Christopher Andrew and Esther Unwana Andrew, and has filed an Immigrant Visa petition on their behalf on October 2, 2017.

3. Defendant Antony J. BLINKEN, is the Secretary of the Department of State (DOS). His jurisdiction includes the Plaintiff's residence, and he is the head of the agency that has delayed the processing of Plaintiff's petition. He is sued in his official capacity only.

4. Defendant Ian G. BROWNLEE, is the Deputy Assistant Secretary of State for Consular Affairs, Department of State (DOS). His jurisdiction includes the Plaintiff's residence and U.S. Consulates abroad. He is sued in his official capacity only.

5. Defendant Merrick GARLAND, is the Attorney General of the United States, and is authorized by law to administer and enforce the immigration laws pursuant to 8 USC section 1103(g). He is sued in his official capacity only.

## JURISDICTION

6. Jurisdiction in this case is proper under 28 U.S.C. section 1331 (federal question) and 1361 (mandamus), 5 U.S.C. section 701 et. Seq. (the Administrative Procedures Act), 28 U.S.C. 2201 et. Seq. (Declaratory Judgment Act). This Honorable Court enjoys plenary power to issue all necessary writs. 28 U.S.C. § 1651. The issue presented is one of federal law and/or regulation. Relief is requested pursuant to said statutes.

## VENUE

7. Venue is proper in this court, pursuant to 28 USC section 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred, and where the Plaintiff resides, and no real property is involved. More specifically, Plaintiff's petitions were properly lodged and, to Plaintiff's knowledge, remain in the custody of the United States Department of State.

## EXHAUSTION OF REMEDIES

8. The Plaintiff has exhausted all administrative remedies. The petitions were properly lodged with the Defendants and the resulting interview

was completed by November 21, 2019. The Plaintiff, personally and through counsel, has made numerous inquiries with Defendants as to the status of the petitions to no avail. Defendants have not established any reasonable alternative means by which the Plaintiff could resolve this matter short of litigation.

## STATEMENT OF FACTS

9. The Plaintiff filed his petitions for his twin children, Elijah Christopher Andrew and Esther Unwana Andrew, both born on November 19, 2003, with USCIS on or about October 2, 2017. The petitions were approved on or about April 18, 2018, and the petition was forwarded to the Department of State for processing.

10. On November 21, 2019, the Plaintiff's children were interviewed at the U.S. Consulate in Lagos, Nigeria. The U.S. Consulate issued a request for "early childhood pictures" and "early childhood documents" of the Petitioner and his children, and the Petitioner replied that there were no "early childhood pictures" or documents as he has lived in the United States since the time of his children's birth and no records germane to the consulate's request exist.

11. Subsequent to the initial request for "early childhood pictures", the U.S. Consulate in Lagos issued an undated request for documents, but that notice simply highlighted the word "Other", and provided no further guidance as to what specific documents were requested.

12. Counsel for the Petitioner contacted the U.S. Consulate in Lagos, Nigeria, and explained the situation and pointed out that the documents requested were not necessary for the issuance of the

immigrant visas, as these were the legitimated minor children of a United States citizen. The U.S. Consulate in Lagos has never responded to counsel's emails.

13. Over a year has now elapsed since the Plaintiff's children appeared for their interviews, yet no final agency action has been taken on the matter by Defendants to date.

## CAUSE OF ACTION

### ACTION UNREASONABLY WITHHELD IN VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT

14. Mandamus is an "extraordinary remedy" and requires a plaintiff "to satisfy three jurisdictional prerequisites: (1) the plaintiff has a clear right to the relief sought; (2) the defendant holds a plainly defined and mandatory, nondiscretionary duty to do the act in question; and, (3) no other adequate remedy is available." *Mustafa, et al. v. Pasquerell, et al.*, 2006 U.S. Dist. LEXIS 8047 at 7, citing *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992) and *United States v. O'Neil*, 767 F.2d 1111, 1112 (5th Cir. 1985).

15. The Administrative Procedures Act requires administrative agencies to conclude matters presented to them "within a reasonable time." 5 USC § 555.  A District Court reviewing agency action may "compel agency action unlawfully withheld or unreasonably delayed." 5 USC § 706(1).  The Court also may hold unlawful and set aside agency action that, inter alia, is found to be: "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 USC §

706(2)(A); "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 USC § 706(2)(C); or "without observance of procedure required by law," 5 USC § 706(2)(D). "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 USC § 551(13).

16. The duty owed by Defendants to the Plaintiff is statutory. 8 USC § 1154(b); INA § 204(b). Defendants have a "duty" to determine whether a visa should be granted, based on the approved petition. The statute in question states in relevant part, "[a]fter an investigation of the facts in each case…the Attorney General shall, if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made is an immediate relative specified in section 201(b) [1151(b)] of this title…, approve the petition and forward one copy thereof to the Department of State. The Secretary of State shall then authorize the consular office concerned to grant the preference status." 8 USC § 1154(b); INA 204(b).

17. In the context of the statute, "shall" is directly referring to "grant," expressing Congress' intent that the visa petition be approved upon verification of the validity of the relationship upon which the petition is based, and that the consulate grant said petition for an immigrant visa. The Defendants duty to "authorize the consular officer concerned to grant the preference status" is clearly not discretionary, as they are called by statute to render a decision, irregardless of any other factors.

18. United States Citizenship and Immigration Services (USCIS) investigated the *bona fides* of the claimed relationship between the

Petitioner and his children and approved those Petitions on April 18, 2018.

19. The demand from Defendants BLINKEN and BROWNLEE for "early childhood pictures" and documents is *ultra vires* to the statutory and regulatory framework where a United States citizen is petitioning for his legitimate, minor children, and where the visa petitions have been approved, and where no indicia of fraud exist.

20. As evidenced by the subsequent notice from the U.S. Consulate in Lagos, which consisted solely of a blank form with the word "Other" highlighted, the Defendants appear to be engaging in intentional and unreasonable efforts to simply delay action on the approved immigrant visa petitions.

21. The failure of the Defendants to adjudicate the immigrant visa applications based on the approved visa petitions violates the Administrative Procedures Act, 5 USC § 555(b); 5 USC §§ 706(1), 706(2)(A), 706(2)(C), 706(2)(D).

22. Defendants BLINKEN and BROWNLEE have made no showing that they have exercised due diligence in adjudicating the petition, nor are there any statutory grounds to permit such an unreasonable delay in performing their ministerial duties under the law.

23. Defendant's refusal to act properly in this case is arbitrary and not in accordance with the laws and regulations of the United States. Defendants willfully, and unreasonably, have delayed adjudication of the Plaintiff's petitions for immigrant visas for his children, thereby depriving him of the unity of his family for a prolonged period of time and the peace of mind to which Plaintiff is entitled.

24. Accordingly, the Plaintiff has been forced to retain the services of an attorney to pursue the instant action.

## REQUEST FOR DECLARATORY RELIEF

25. For all the reasons outlined, *supra,* which are incorporated and re-urged herein as if fully set forth verbatim, the Plaintiff respectfully request declaratory relief in the form of the entry of a decree which specifies the rights and liabilities of the parties to the instant litigation. To wit, the Plaintiff respectfully requests a declaration that the Defendants have unlawfully withheld and unreasonably delayed action owed to Plaintiff. The Plaintiff also requests that this Honorable Court retain continuing jurisdiction over this civil action and that, after reasonable notice of hearing and hearing had, it enter any further declaratory, mandatory, or other injunctive order that is necessary to enforce any declaratory judgment. *See* 28 U.S.C. § 2412(d)(1)(A).

## REQUEST FOR ATTORNEY FEES AND COSTS

26. The Plaintiff is entitled to recover reasonable attorney's fees and costs of court, both of which she respectfully requests under the Equal Access to Justice Act. 28 U.S.C. § 2412. The position of the Defendants herein is not substantially justified, and no circumstances exist which would render an award of fees and costs unjust. 28 U.S.C. § 2412(d)(1)(A).

## **PRAYER**

27. WHEREFORE, PREMISES CONSIDERED, in view of the arguments and authority noted herein, the Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

    (a) requiring Defendants to adjudicate the Plaintiff's attendant immigrant visa applications within one (1) week from the date of judgment;

    (b) issue a declaratory judgment stating that Defendants' refusal to adjudicate the Plaintiff's petitions and attendant applications is arbitrary and capricious, clearly contrary to law, and an abuse of discretion, and that Plaintiff is entitled to prompt adjudication of his petitions and attendant applications, as per statute and regulation;

    (c) awarding Plaintiff reasonable attorney's fees; and

    (d) granting such other relief at law and in equity as justice may require.

Respectfully submitted,

/s/Lawrence E. Rushton

Lawrence E. Rushton
The Rushton Law Firm

                Counsel for Plaintiff
                Texas Bar No. 24037411
                5909 West Loop South, Ste. 150
                Bellaire, Texas   77401
                (713)838-8500
                (713)838-9826 Fax

## **LIST OF ATTACHMENTS**

| Exhibit | Description |
| --- | --- |
| 1 | Copy of Approved Petitions for Alien Relative; |
| 2 | Copy of Immigrant Visa interview notice; |
| 3 | Copy of subsequent request for unspecified documents. |

## **CERTIFICATE OF SERVICE**

I, Lawrence E. Rushton, hereby certify that a true and correct copy of the foregoing "Plaintiff's Original Complaint for Writ in the Nature of Mandamus", including all attachments, will be served on Defendants via US Postal Service Certified mail addressed as follows:

Merrick Garland
Attorney General
US Department of Justice
950 Pennsylvania Ave, NW
Washington, DC  20530-0001

Antony J. Blinken
Secretary of State
The Executive Office
Office of the Legal Advisor
Suite 5.600
600 19th Street, NW
Washington, DC 20522

Ian G. Brownlee
Deputy Assistant Secretary of State
The Executive Office
Office of the Legal Advisor
Suite 5.600
600 19th Street, NW
Washington, DC 20522

Jennifer Lowery
Acting US Attorney
1000 Louisiana, Ste. 2300
Houston, TX  77002


On this the 28th day of July 2021.

Respectfully submitted,

/s/Lawrence E. Rushton

Lawrence E. Rushton
The Rushton Law Firm
Counsel for Plaintiff
Texas Bar No. 24037411
5909 West Loop S., Ste. 150
Bellaire, Texas   77401
(713)838-8500
(713)838-9826 Fax